[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Allen Glover appeals the trial court's adjudication that he is a sexual predator pursuant to R.C. Chapter 2950. In March 1984, Glover pleaded guilty to three counts of rape. Glover was sentenced to five to twenty-five years' incarceration on each of the three counts, to be served concurrently.
In May 2000, Glover was brought before the trial court for a classification hearing, following which the trial court adjudicated him a sexual predator. Glover appealed the trial court's determination. On February 16, 2001, we reversed the determination and remanded the case for a new classification hearing.[2] We held that the trial court's denial of Glover's request for a continuance had been unreasonable.[3]
On remand, the trial court appointed counsel to represent Glover and granted Glover's request to appoint an expert at the state's expense to assist in determining whether Glover was likely to engage in the future in one or more sexually-oriented offenses. At a classification hearing on November 29, 2001, Glover testified and presented testimony from his wife and sister. Glover did not submit any evidence from the expert he had requested. The state presented testimony from psychiatrist Dr. Michael Nelson. At the conclusion of the hearing, the trial court again classified Glover as a sexual predator. Glover now appeals this classification, raising one assignment of error.
In his sole assignment of error, Glover contends that the sexual-predator adjudication was contrary to the manifest weight of the evidence. Because there is clear and convincing evidence in the record to support the trial court's judgment, we overrule the assignment of error.
To obtain a sexual-predator adjudication, the state must prove by "clear and convincing" evidence that the offender (1) has pleaded guilty to or has been found guilty of a sexually-oriented offense and (2) is "likely to engage in the future in one or more sexually-oriented offenses."[4] It is uncontested in this case that Glover had pleaded guilty to rape, which is a sexually-oriented offense.[5] Thus, the issue is whether the record establishes that Glover is likely to commit another sexually-oriented offense in the future.
In State v. Eppinger, the Ohio Supreme Court set forth a model procedure for sexual-offender-classification hearings that calls for the trial court to (1) provide a record for appellate review that bears upon whether the offender is likely to recidivate; (2) consider the R.C.2950.09(B)(2) factors and discuss how the evidence relates to those factors; and (3) permit the admission of expert testimony where required to assist the court in making its determination.[6] We review sexual-predator determinations under a civil standard where quantitative and qualitative distinctions between sufficiency and weight of the evidence are not recognized.[7]
Here, the trial court complied with the Eppinger model of analysis. At the classification hearing, the court received and considered substantial documentary evidence as well as testimony from Glover and an expert witness. The state offered into evidence the indictment, Glover's criminal record, a 1984 competency evaluation, a 1984 NGRI evaluation, the curriculum vitae of Dr. Michael Nelson, and a 2001 forensic report from Dr. Nelson. The state's evidence showed that Glover had forcibly raped his twelve-year-old stepdaughter on three separate occasions. The state also presented testimony from Dr. Nelson. During his testimony, Dr. Nelson discussed the applicability of the statutory factors to the facts of Glover's offense. Dr. Nelson concluded that there was a medium to medium-high probability that Glover would re-offend in the future.
The trial court also received and considered documentary evidence from Glover. To support his claim that he was rehabilitated, Glover submitted evidence that he had attended two phases of the Polaris program for sexual offenders, received certificates of training for several substance-abuse programs including Alcoholics Anonymous, obtained his high-school diploma and an associates degree from Wilmington College, and worked as a hydraulic technician. Glover also testified that through his participation in the sexual offender and substance-abuse programs he had learned that adolescent girls and alcohol were risk factors for re-offending. But we note again that Glover did not present any testimony from the expert that the trial court had appointed.
After reviewing the record in its entirety, we hold that the trial court had sufficient evidentiary material before it to produce a firm conviction or belief that Glover was likely to commit another sexual offense. Consequently, the trial court was entitled to find by clear and convincing evidence that Glover is a sexual predator.[8] Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[2] State v. Glover (Feb. 16, 2001), 1st Dist. No. C-000396.
[3] See id.
[4] R.C. 2950.01(E).
[5] R.C. 2950.01(D).
[6] 91 Ohio St.3d 158, 166-67, 2001-Ohio-247, 743 N.E.2d 881.
[7] See id.
[8] R.C. 2950.09(B).